T.C. Summary Opinion 2004-124

UNITED STATES TAX COURT

RONALD LEWIS BOULDEN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9217-03S.                    Filed September 8, 2004.

Ronald Lewis Boulden, pro se.

James N. Beyer, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $1,398 for 2001. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his daughter for 2001, and (2) whether petitioner is entitled to a child tax credit for 2001.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New Castle, Delaware, at the time the petition was filed.

Petitioner and Holly Sulecki (Ms. Sulecki) have a daughter, Paige M. Sulecki (Paige). Petitioner and Ms. Sulecki were never married to each other.

Petitioner and Ms. Sulecki lived apart at all times during 2001. Petitioner has never had custody of Paige and is prohibited from having any contact with her. He does not know where Paige resided during the year in issue or how much was spent for her housing or food costs.

Through wage garnishments, petitioner pays $366 per month in child support for Paige. Petitioner did not purchase any clothing or gifts for Paige during 2001.

Petitioner timely filed a Federal income tax return for 2001. Petitioner claimed a dependency exemption for Paige as well as a child tax credit. He did not attach a written

declaration or Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Sulecki.

On her 2001 Federal income tax return, Ms. Sulecki also claimed a dependency exemption for Paige for 2001 as well as a child and dependent care credit. Respondent disallowed petitioner's claimed dependency exemption and child tax credit.

## Discussion

Respondent's deficiency determinations in the notice of deficiency are presumed correct, and generally petitioners bear the burden of proving that respondent's determinations of income tax deficiencies are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As the return for 2001 was filed after July 22, 1998, section 7491(a) is applicable. Petitioner did not assert or present evidence or argument that he satisfied the requirements of section 7491(a). The Court concludes that resolution of the issues in the present case does not depend upon who has the burden of proof.

## 1. Dependency Exemption Deduction

A taxpayer may be entitled to claim a dependency exemption deduction for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test, (2) relationship or household test, (3) citizenship or residency test, (4) gross income test, and (5) joint return test. Secs.

151 and 152.  If the individual fails any of these tests, he or she does not qualify as a dependent.

As to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins.  Sec. 152(a).  In the case of a child of unmarried parents, if the child is in the custody of one or both of his parents for more than one-half of the calendar year and receives more than half his support during that year from his parents, such child shall be treated, for purposes of section 152, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).  Sec. 152(e)(1); King v. Commissioner, 121 T.C. 245, 250-251 (2003).  A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
>     *     *     *     *     *     *     *
>
>     (2) Exception where custodial parent releases claim to exemption for the year.--A child of parents * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The temporary regulations promulgated with respect to section 152(e) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[1]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  The declaration required under section 152(e)(2) must be made either on a

---

[1]Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

completed Form 8332 or on a statement conforming to the substance of Form 8332. Miller v. Commissioner, supra at 189.

Form 8332 requires a taxpayer to furnish: (1) The names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption. Id. at 190.

In the present case, petitioner did not have custody of Paige at all during 2001 and therefore cannot be deemed to be the custodial parent for purposes of section 152(e). As the noncustodial parent, petitioner is not entitled to the claimed dependency exemption deductions unless he complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to his return a written declaration or Form 8332 executed by Ms. Sulecki. Petitioner did not attach such a declaration or Form 8332 to his return, and accordingly he is not entitled to the dependency exemption deduction for Paige for 2001.

Petitioner nevertheless argues that he is current in his obligations regarding child support and that he is entitled to the dependency exemption deductions. The Court is not

unsympathetic to petitioner's position.  However, the Court is bound by the language of the statute as it is written and the accompanying regulations, when consistent therewith.  Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986).  The Internal Revenue Code is clear as to the precise circumstance in which a noncustodial parent becomes entitled to a dependency exemption. See Neal v. Commissioner, T.C. Memo. 1999-97.  Respondent is sustained on this issue.

2.  Child Tax Credit

A taxpayer may be entitled to a credit against tax with respect to each "qualifying child".  Sec. 24(a).  The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child.  If one of the qualifications is not met, the claimed child tax credit must be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

As stated supra, the Court has sustained respondent's determination that petitioner is not entitled to a dependency exemption deduction for Paige.  Thus, petitioner fails the first prong of the test of section 24.  The Court sustains respondent's determination regarding the child tax credit under section 24.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.